M. COHEN PROGRESS CASINO, Inc., v. ZWERDLING.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—EVIDENCE—ADMISSIBILITY.

In an action for the rent of a hall hired for a night, defendant, who relied on a rescission of the contract, could show that the hall was used by others on the same night.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; .Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—EVIDENCE—ADMISSIBILITY.

Where plaintiff, owning a building containing a large and a small hall, sued defendant for the rent of the large hall for a night, and defendant relied on a rescission of the contract and showed that the large hall was used by a third person on the same night, a contract between plaintiff and the third person for the hiring of the small hall on that night was admissible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

3. NEW TRIAL (§ 103*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Where, in an action for the rent for a night of a large hall in a building containing also a small hall, the issue was whether the large or small hall had been used that night by a third person, a new trial asked for defendant on the ground of newly discovered evidence, consisting of the testimony of witnesses that the third person had used the large hall and that the contract with the third person, originally made for the small hall, was subsequently changed so as to provide for the use of the large hall, was improperly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the M. Cohen Progress Casino, Incorporated, against Max Zwerdling. From a judgment for plaintiff, and from an order denying a new trial on the ground of fraud and newly discovered evidence, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Reuben Dorfman, of New York City, for appellant.
Samuel J. Rawak, of New York City, for respondent.

COHALAN, J. The defendant hired a hall of the plaintiff, in which to celebrate his daughter's wedding, agreeing to pay $75 for its use.

He paid $10 down at the time he made the contract. This action was brought to recover the balance of $65. The defendant claims: (1) That, the marriage engagement of his daughter having been broken, the plaintiff consented that the contract should be abrogated, upon consideration that plaintiff should retain the amount paid on account; and (2) that on the evening for which the defendant had engaged the hall the plaintiff had leased it, and it was used for another wedding. The jury found in favor of the plaintiff upon both these contentions.

[1] It appears that the plaintiff was the owner of a building, within which were a large and a small hall. The defendant rented the larger one. The testimony offered by him tended to show that on the same night for which it had been hired by the defendant the larger hall was used for another wedding. This evidence supported defendant's claim that the contract of hiring by him had been rescinded.

[2] The plaintiff claimed that he had let the smaller hall, and that was the one that was used. He offered in evidence the contract made by himself and other parties in behalf of one Wolin, the bridegroom, for the use of the smaller hall, and it was received in evidence and marked "Exhibit B." The defendant asserts that it was error to permit this contract to be so received in evidence. We do not agree with this contention. The defendant tendered an issue with respect to which hall had been used on the night for which he had engaged it, and testimony to the effect that the plaintiff had made a contract for the lease of the smaller hall to the party whom the defendant claimed had used the larger hall, on the same evening for which the smaller hall was rented, was competent upon that issue.

[3] The defendant, after the judgment was rendered, moved for a new trial upon grounds of fraud, perjured testimony, and newly discovered evidence. Upon the hearing of the motion he produced ten affidavits, eight of which apparently were made by disinterested witnesses, each of whom swore that they were present at the Wolin wedding, and that it was held in the larger hall. A brother of Wolin, the bridegroom, testified that, although the contract with the plaintiff was originally made for the use of the smaller hall, it was subsequently, by agreement with the plaintiff, changed so as to provide for the use of the larger hall, and that the wedding in fact took place in that hall. The plaintiff presented no affidavits whatever in opposition to the motion, and therefore the question raised by the defendant remains uncontradicted. This testimony with regard to the change in the contract was material. It was not cumulative, and, if true, was concealed by the plaintiff; hence upon a new trial it might materially change the result thereof.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.